**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Elmer David ESPINA–MOSCOSO, Defendant–Appellant.**

No. 05–40732.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Elmer David Espina–Moscoso (Espina) pleaded guilty to one count of reentering the United States without permission after

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

having been deported. Because Espina's prior deportation followed an aggravated-felony conviction, he was subject to the increased-penalty provisions of 8 U.S.C. § 1326(b). Espina contends that the treatment of felonies and aggravated felonies as sentencing factors under § 1326(b)(1) and (2) is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that he should be resentenced subject to the two-year maximum set forth in § 1326(a).

Espina's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Espina contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Espina properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.